UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
ELAINE CHAO,                        )
                                    )   Case No. C07-821RSL
           Plaintiff,               )
      v.                            )
                                    )
                                    )   ORDER DENYING DEFENDANTS'
BRUMFIELD CONSTRUCTION, *et al.*,   )   MOTION TO EXCLUDE TESTIMONY
                                    )   OR COMPEL DISCOVERY AND
                                    )   GRANTING IN PART AND
                                    )   DENYING IN PART DEFENDANTS'
           Defendants.              )   MOTION TO STRIKE
_____)

This matter comes before the Court on "Defendants' Motion to Exclude Testimony, or in the Alternative, to Compel Discovery." Dkt. #11. Defendants seek the identities of the individuals who provided statements to the Department of Labor during its investigation of defendants' compensation practices. Defendants allege that being unable to depose these unidentified individuals has substantially impaired their ability to mount an effective defense and negotiate a favorable settlement. The Court finds that, at this stage of the litigation, defendants have not shown a compelling need for the informants' identities that is sufficient to overcome the public interest in preventing disclosure. Accordingly, the Court DENIES

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OR COMPEL DISCOVERY AND
GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO STRIKE

defendants' motion to exclude testimony and/or compel discovery.

**A. Statement of Facts**

In May 2007, plaintiff filed an action against defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Dkt. #1 (Complaint). The investigation, which began in November 2005, relied heavily on the statements of current and former employees who cooperated with the investigation. Dkt. #19 (Jensen Decl.), ¶¶4-5. During discovery, plaintiff released redacted versions of the witnesses' statements to defendants. See Dkt. #13 (Dayton Decl.), Ex.2; Dkt. #23 (Gidirimski Decl.), Ex.1. These statements omitted the names of the cooperating witnesses, as well as any substantive portions of the statements that could identify the witnesses. See Dkt. #13 (Dayton Decl.), Ex.2; Dkt. #23 (Gidirimski Decl.), Ex.1. In interrogatories, defendants asked plaintiff to provide the names of all current or former employees who furnished information to the Department of Labor during its investigation. See Dkt. #13 (Dayton Decl.), Ex. 3. Plaintiff refused, asserting that the identities of the informants are protected by the informant's privilege, the investigatory files privilege, the deliberative process privilege, and/or the attorney/client privilege.[1] Id. Plaintiff did provide the names of the individuals who conducted the Department of Labor investigation, as well as the names of the employees to whom defendants allegedly owe back pay. Id.

**B. Informant's Privilege**

The informant's privilege protects "the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States,

---

[1] Because the Court finds that the identities of the cooperating witnesses are protected by the informant's privilege during this stage of discovery, and because plaintiff has acknowledged her obligation to disclose all witnesses who will testify at trial, it is unnecessary to evaluate the other claims of privilege asserted by plaintiff.

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OR COMPEL DISCOVERY AND
GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO STRIKE      -2-

353 U.S. 53, 59 (1957).  The privilege is not absolute; rather, the court must balance a litigant's need for the information against the public interest in preventing disclosure of the informant's identity.  See id. at 60-61.  Once the government asserts the informant's privilege, the opposing party bears the burden of showing a compelling need for the information sufficient to overcome the privilege.  United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir. 1990).

Several courts have upheld the informant's privilege in the context of alleged violations of the FLSA.  In a private action brought by individual plaintiffs rather than by the Secretary of Labor, the Ninth Circuit allowed plaintiffs to use pseudonyms to assert claims against their employers when the plaintiff-employees feared that disclosing their identities could lead to lost employment, physical violence, deportation, arrest, and imprisonment.  See Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1062-63, 1072-73 (9th Cir. 2000).  In actions brought by the Secretary of Labor, five other circuits have protected the identity of potential witnesses during discovery proceedings when the witnesses feared a retaliatory loss of employment.  See, e.g., Brock v. On Shore Quality Control Specialists, Inc., 811 F.2d 282, 283-84 (5th Cir. 1987); Usery v. Ritter, 547 F.2d 528, 531 (10th Cir. 1977); Brennan v. Engineered Products, Inc., 506 F.2d 299, 303 (8th Cir. 1974); United States v. Hemphill, 369 F.2d 539, 542 (4th Cir. 1966); Mitchell v. Roma, 265 F.2d 633, 635-36 (3rd Cir. 1959).[2]

**C. Motion to Compel**

Defendants argue that their need to prepare adequately for trial and/or negotiate a favorable settlement outweighs what is only a slight public interest in maintaining witness

---

[2] Defendants have cited several criminal cases in which courts have rejected the informant's privilege.  In those cases, the accused's Sixth Amendment rights outweighed the public's interest in protecting the informant's anonymity.  As those constitutional rights are not at issue in this case, the Court does not find these authorities persuasive.

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OR COMPEL DISCOVERY AND
GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO STRIKE        -3-

confidentiality. The balance is not struck as defendants suggest. Because Congress chose to enforce the FLSA through employee complaints rather than through a general scheme of supervision or inspection, effective enforcement of the FLSA requires that "employees [feel] free to approach officials with their grievances." Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 292 (1960). This freedom would be compromised if employees were forced to speak publicly and risk reprisals. See id. The majority view is that the public interest in protecting informants from retaliation and encouraging just administration of the FLSA outweighs a litigant's need for unrestricted access to sensitive information during discovery. See, e.g., Brock v. R.J. Auto Parts and Service, Inc., 864 F.2d 677, 678 (10th Cir. 1988) (holding that "the district court erred in requiring the premature identification and designation of trial witnesses" when defendants had not shown substantial need for the information in the discovery stage). As a trial date approaches, however, the need for disclosure becomes more acute and the balance of interests shifts. See Hemphill, 369 F.2d at 542.

At this stage of the litigation, defendants have not demonstrated that knowing the identities of the cooperating witnesses would allow them to obtain critical information that is unavailable through other means. Defendants have identified two factual issues on which this litigation turns: "(1) whether Brumfield Construction drivers returned to the first pit at the end of the day; and (2) whether [the drivers] are owed any wages for pre-and post-trip activities, such as vehicle inspection." Motion at 6. Defendants can capably address these issues with the information they already possess. Plaintiff has provided defendants with the anonymous employee statements upon which the Department of Labor based its investigation, which defendants have already compared against their payroll, time sheet, and video records. See Dkt. #12 (Brumfield Decl.). Plaintiff has also provided defendants with a list of individuals within the Department of Labor who conducted the investigation and identified the named employees

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OR COMPEL DISCOVERY AND
GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO STRIKE      -4-

on behalf of whom plaintiff brought this lawsuit. Defendants have not yet deposed these named individuals. See Reply at 5. The fact that defendants have not exhausted these unprivileged areas of discovery, which would likely provide information related to the key issues defendants have identified, weighs against finding a compelling need for disclosure of the cooperating witnesses' identities. Although knowing the identities of the anonymous individuals would certainly help defendants prepare their defense, defendants' need for this information is not sufficient to overcome the public interest in preventing disclosure.

**D. Motion to Exclude**

As an alternative to compelling production of the informants' identities, defendants have asked the Court to exclude any testimony from the cooperating witnesses should this case go to trial. Defendants have cited no authority, and the Court is aware of none, that prevents an informant from testifying at trial once the informant's privilege has been asserted.[3] Therefore, the Court will not exclude the testimony of any anonymous informants at this time.

As this case progresses toward trial, however, the informant's privilege must eventually give way to allow defendants to prepare their defense properly. Plaintiff has proposed disclosing her witnesses, including any testifying informants, in her pretrial order. See Response at 9-10. The pretrial order is due on October 22, 2008, eleven calendar days before the trial date of November 3, 2008. See Dkt. #9 (Minute Order Setting Trial Date and Related Dates). As a practical matter, eleven days does not allow defendants sufficient time to depose newly-disclosed witnesses in preparation for trial. Except as set forth below, plaintiff shall provide to defendants a list of testifying witnesses on or before the discovery cut-off date of July 6, 2008.

---

[3] In support of excluding testimony from the unnamed witnesses, defendants have cited several cases involving the attorney-client privilege and the Fifth Amendment privilege against self-incrimination. The Court does not find these cases persuasive in this context.

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OR COMPEL DISCOVERY AND
GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO STRIKE           -5-

The discovery cut-off date will be extended to allow for deposition of any newly-disclosed witnesses.

Plaintiff may further delay disclosure of a witness after July 6, 2008, by filing a motion for protective order and showing that a witness has an "objectively reasonable fear" of reprisal that continues to overcome defendants' need to prepare their defense for trial. See Advanced Textile Corp., 214 F.3d at 1063. To meet this burden, plaintiff must present a more particularized factual showing than the general, systemic fear of reprisal that has already been recognized.[4]

**D.  Motion To Strike**

In their reply, defendants have asked the court to strike paragraphs six and seven of Albertina Jensen's declaration, as well as paragraphs eleven and twelve of Alexander Passantino's declaration. Dkt. #19. The Court GRANTS IN PART and DENIES IN PART defendants' motion to strike.

The Court GRANTS defendants' motion to strike paragraph seven of Albertina Jensen's declaration as hearsay and has not considered that portion of her affidavit in deciding this matter. The Court DENIES defendants' motion to strike paragraph six of Albertina Jensen's declaration, as this statement is based on knowledge gained from her experience as Wage Hour investigator. Furthermore, her statement is relevant because it relates to the public's interest in maintaining the anonymity of informants: the importance of confidential disclosure and a general "fear of economic retaliation" in the context of reporting FLSA violations are well established by case law. See, e.g., Mitchell, 361 U.S. at 292. Defendants' motion to strike similar statements in paragraphs eleven and twelve of Alexander Passantino's declaration are

---

[4] If plaintiff's evidence in support of the motion for protective order reveals the identity of the informant, plaintiff may ask the Court to review the evidence in camera.

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OR COMPEL DISCOVERY AND
GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO STRIKE        -6-

DENIED on the same grounds.

For all the foregoing reasons, defendants' motion to exclude testimony and/or compel discovery is DENIED. Defendants' motion to strike is GRANTED with respect to paragraph seven of Alexandra Jensen's declaration and DENIED with respect to paragraph six of Alexandra Jensen's declaration and paragraphs eleven and twelve of Alexander Passantino's declaration. Plaintiff is ORDERED to disclose her testifying witnesses to defendants on or before July 6, 2008, or to file a timely motion for protective order.

DATED this 28th day of April, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY
OR COMPEL DISCOVERY AND
GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO STRIKE        -7-